IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00328-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      VICTOR MANUEL GAMBOA-GAMBOA,

      Defendant.

## ORDER OF DETENTION

      THIS MATTER came before the Court for a detention hearing on November 10, 2022.

      The government is requesting detention in this case.  The defendant contested detention. Both sides offered argument beyond the contents of the bail report.  In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report as well as an amended report, which was prepared after I continued the original hearing to allow the .

      In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the

safety of any other person or the community.  18 U.S.C. § 3142(b).  The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with illegal re-entry after removal. He has previously been removed no less than six times from the United States. He has at least three prior convictions for re-entry after removal, including by this Court and most recently, in June of 2019, when he was convicted in the District of New Mexico and sentenced to ten months in the Bureau of Prisons. He was last removed from the United States in December of 2019. It is not apparent that he has ever had a driver's license and he has convictions for operating a motor vehicle without a license. He has used numerous aliases. He is not permitted to work in the United States and there is also an ICE detainer.

Defendant argues that he is not a risk of flight because he has family, including a girlfriend and children here in Denver, and his repeated returns to the United States show he will not flee. But a return to Denver after deportation is no assurance that he will return to Court when required as a conviction, a longer prison sentence, and another round of deportation is almost a certainty. His continued flouting of multiple Court orders not to return to the United States is strong evidence that he will not abide by any terms of release. He is not lawfully permitted to work in the United States, so releasing him to continue to violate laws regarding employment by non-citizens would not be consistent with this Court's obligation to uphold the law.

Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, in terms

of ensuring that he will not continue to violate the laws of the United States while on release, and no assurance that he will appear for trial. My decision to detain is supported by the recommendation of the Probation Office. Defendant's PTRA score is a 5, which is the highest risk category.

Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   November 10, 2022

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge