IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00328-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VICTOR MANUEL GAMBOA-GAMBOA,

        Defendant.

---

## UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

    COMES NOW Defendant Victor Manuel Gamboa-Gamboa, through his attorney of record, Assistant Federal Public Defender Josh Lilley, and requests that this Court exclude an additional 30 days from the Speedy Trial Clock Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). In support, Mr. Gamboa-Gamboa would show as follows:

1.  On November 1, 2022, Mr. Gamboa-Gamboa was charged in a single-count indictment with Illegal Re-entry After Removal in violation with 8 U.S.C. § 1326(a).

2.  An Arraignment and Discovery Conference was held on November 4, 2022, and a Detention hearing was held on November 10, 2022. Mr. Gamboa-Gamboa was ordered detained.

3.  On November 18, 2022, the Court issued an order setting trial dates and related deadlines, with a three-day jury trial date of January 11, 2023. A pretrial motions deadline was set on December 15, 2022, with the responses to those motions due on December 22, 2022.

4.  The Government has provided defense counsel with discovery.

5.  A 30-day ends of justice continuance would provide undersigned counsel the requisite time to: (1) review all the disclosed discovery; (2) conduct any necessary follow-up

investigation; (3) visit with Mr. Gamboa-Gamboa in custody (*discussed infra*) regarding discovery, potential pretrial motions options, and explain his legal options in the present case; (4) conduct necessary legal research concerning possible pretrial motions; (5) draft, edit, and file any necessary pretrial motions; and (6) effectively prepare for trial.

6. Undersigned counsel was in trial[1] in front of Judge Moore from November 7, 2022, until November 9, 2022. The trial was initially scheduled to take four days, which required undersigned counsel to ask Mr. Westbroek[2] to cover Mr. Gamboa-Gamboa's detention hearing on November 10, 2022.

7. The following week, undersigned counsel attended a seminar outside the State of Colorado and remained out of State for two weeks until November 27, 2022.

8. Undersigned counsel was then in Durango, Colorado for a trial[3] in front of Judge Blackburn from November 29, 2022, until December 7, 2022.

9. The travel, trials, and trainings outside Denver, Colorado has precluded undersigned counsel from visiting Mr. Gamboa-Gamboa in person. Undersigned counsel anticipates that an in-person visit will occur between December 15, 2022, and December 19, 2022.

10. A 30-day ends of justice continuance, while brief, allows undersigned counsel to meet with Mr. Gamboa-Gamboa to discuss his case and file any motions if necessary.

11. The parties have conferred, and the Government does not oppose this motion. All parties agree that such a continuance is both reasonable and, more importantly, necessary to prevent a miscarriage of justice.

---

[1] *United States v. Rayzjuan Curry*, Case No. 22-cr-00147-RM
[2] Assistant Federal Public Defender, Districts of Colorado and Wyoming
[3] *United States v. Roman Brown*, Case No. 22-cr-00375-REB-JMC

12. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and Mr. Gamboa-Gamboa in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id*. at 1271.

13. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

14. Given the facts mentioned above, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself under the current Speedy Trial Clock limitations.  As such, a failure to grant the requested continuance would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), even considering due diligence by the parties.  See *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

15. Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), Mr. Gamboa-Gamboa, through counsel, moves this Court to exclude an additional 30 days from the Speedy Trial Clock.

16. Last, but not least, the ends of justice served by granting the motion outweigh the best interests of the public and Mr. Gamboa-Gamboa in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, Mr. Gamboa-Gamboa respectfully requests this Court for an Order excluding an additional 30 days from the Speedy Trial Clock, vacating the current trial date, and continuing the other filing and disclosure deadlines 30-days from the current deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Josh Lilley
JOSH LILLEY
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
josh.lilley@fd.org
Attorney for Mr. Gamboa-Gamboa

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Al Buchman, AUSA
    Email: al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Victor Manuel Gamboa-Gamboa    (via Mail)


    */s/ Josh Lilley*
    Josh Lilley
    Assistant Federal Public Defender