## EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
## DEL DISTRITO DE COLORADO

Nro. de causa penal: 22-cr-00328-NYW

LA FISCALÍA FEDERAL,

      Parte acusadora,

contra

VICTOR MANUEL GAMBOA-GAMBOA,
Aliases Daniel Montes, Daniel Ortiz-Gamboa,

      El imputado.

---

## CONVENIO RESOLUTORIO

---

Por medio del presente, la Fiscalía Federal (La Fiscalía), a través del Subfiscal Federal Albert Buchman y el imputado VICTOR MANUEL GAMBOA-GAMBOA, personalmente y por medio de su abogado, el Defensor Público Federal Josh Lilley, presentamos el siguiente Convenio Resolutorio conforme a lo dispuesto en el Código de Reglamentos Penales del Distrito de Colorado en la Norma 11.1. Este convenio es vinculante únicamente para la División de lo Penal de la Fiscalía Federal del Distrito de Colorado y para el imputado.

### I.    CONVENIO

**A.    Declaración de Culpable del Imputado:**

El imputado acepta

1) declararse culpable al único punto acusatorio de la Acusación Formal que le imputa de quebrantar el artículo 1326(a) del Capítulo 8 del Código Federal, reingreso ilícito al país de un extranjero previamente deportado posterior a una condena por delito, acordando que aplica un aumento de la pena según el art. 1326(b)(1) del Cap. 8 del C. F.

**COURT EXHIBIT 1A**

1

2) renunciar a ciertos derechos de apelación como se establecen a continuación.

**B.      Obligaciones de la Fiscalía Federal:**

Este convenio se lleva a cabo conforme a la Norma 11(c)(1)(B) del Código Federal

de Procedimientos Penales. La Fiscalía Federal acepta

1) solicitar una pena que caiga en el punto mínimo de la escala penal que resulte de la resolución por la "vía rápida".

2) la Fiscalía acepta que el imputado debiese recibir una reducción de dos niveles con respecto al nivel del delito por aceptar la responsabilidad penal conforme al art. 3E1.1(a) del USSG, siempre y cuando el imputado no se dedique a conductas prohibidas o de lo contrario se implique en lo que disponen los artículos 3C1.1 y 3E1.1, comentario (nota 4) en el periodo comprendido entre la declaración de culpable y la imposición de la pena en esta causa.

**C.      Convenio de Resolución Anticipada ("Vía Rápida" o *"Fast Track"*):**

Este convenio se lleva a cabo conforme al programa de resolución temprana del

Distrito de Colorado ("Vía Rápida") basado en las Pautas Federales de Sentencias en el

artículo 5K3.1 ("programas de resolución temprana"). La Fiscalía Federal acepta radicar

un pedimento solicitando una reducción de 1 nivel conforme al artículo 5K3.1 de las Pautas

Federales de Sentencias ("programas de resolución anticipada"). Aunque el imputado no

reúne los requisitos para una reducción de 3 niveles, a cambio del pedimento de reducción

de 1 nivel, el imputado acepta renunciar a ciertos derechos de apelación como se detallan

a continuación. Las partes entienden que las Escalas Penales son solo una

recomendación. La Fiscalía y el Imputado estipulan y acuerdan que esta resolución por la

vía rápida es adecuada y resulta en una pena que fomenta los objetivos de sentencias

establecidos en el art. 3553(a) del Cap. 18 del C.F.

**D.      Renuncia del Imputado a la Apelación:**

El imputado está consciente que el artículo 3742 del Título 18 del Código Federal,

le otorga el derecho de apelar la condena, incluido el modo en el cual ésta se determinó.

Habiendo entendido esto

y a cambio de las concesiones de la Fiscalía Federal en este convenio, el imputado a sabiendas y voluntariamente renuncia al derecho de apelar cualquier tema con relación a este proceso judicial, condena o pena (incluido toda orden de reparación del daño) a menos que se cumpla alguno de los siguientes requisitos:

1) La pena excede de la máxima dispuesta en la ley de condenas. Arts. 1326(a) y (b)(1) del cap. 18 del C.F.
2) la pena excede del punto máximo de la escala penal recomendada de las Pautas de Sentencias que le aplica al imputado por su categoría de antecedentes penales (como la determine la Jueza de Primera Instancia) con un nivel de delito total 10 ó
3) la Fiscalía Federal apela la pena impuesta.

Si aplicara el primer requisito, el imputado únicamente podrá apelar sobre la cuestión de cómo la condena excede de la máxima permitida por ley. Pero si aplicaran alguno de los dos últimos requisitos, el imputado podrá apelar por cualquier justificante que tenga disponible adecuadamente en un proceso de apelación que procede después de declararse culpable.

El acusado a sabiendas y voluntariamente renuncia además al derecho de impugnar indirectamente el procesamiento judicial, la condena o la pena (incluido toda orden de reparación del daño) (incluido, pero no limitado a todo pedimento presentado según el artículo 2255 del Título 28 del Código Federal). Este precepto de renuncia no le impide al imputado solicitar algún recurso que de lo contrario pueda tener disponible en una impugnación indirecta por alguno de los siguientes justificantes:

1) El imputado debería recibir el beneficio de un cambio explícitamente retroactivo de las escalas penales o de las pautas de sentencias,
2) al acusado se le privó de asistencia letrada eficaz o
3) el imputado resultó perjudicado debido a una conducta indebida por parte de la Fiscalía Federal.

El imputado renuncia además al derecho de apelar toda condena impuesta por debajo o dentro de la escala penal una vez se le revoque la libertad vigilada en esta causa, excepto donde el imputado objete sin éxito al grado de violación aplicado

por la Jueza durante las audiencias de revocatoria a nivel de primera instancia. En ese caso, esta renuncia no aplicaría y el imputado podrá apelar la pena impuesta una vez se le revoque la libertad vigilada, aun y cuando dicha condena caiga por debajo o dentro de la escala penal como la haya calculado la Jueza.

El imputado renuncia además al derecho de apelar con respecto a la negación de todo pedimento radicado según el art. 3582(c)(1)(A) donde dicha negación sea en parte por la determinación de la Jueza de que no se justifica una reducción en la condena según los factores del art. 3553(a) del Cap. 18 del C.F. Esta renuncia no aplica en una apelación de un pedimento negado según el art. 3582(c)(1)(A)(i) donde la Jueza de Primera Instancia, al negar el pedimento por los factores del art. 3553(a) no haya considerado hechos que presuntamente demuestran que existen circunstancias extraordinarias y convincentes al momento de analizar el art. 3553(a).

## II.    **ELEMENTOS DEL ILÍCITO**

Las partes acuerdan que los elementos a los cuales el imputado se declarará culpable son los siguientes:

*Primero*: El imputado era extranjero (no era ciudadano ni natural de los EEUU) al presunto momento de la acusación formal,

*Segundo*: Al imputado lo habían deportado o expulsado previamente de los EEUU,

*Tercero*: El imputado entró a sabiendas y lo encontraron las autoridades en los EEUU,

*Cuarto*: El imputado no había recibido el consentimiento de las autoridades legales competentes para solicitar la readmisión a los EEUU.

Nota: Las partes acuerdan que aplica la disposición de condena según el art. 1326(b)(1) del Cap. 8 del C.F. Esto no constituye un elemento esencial del delito, por el contrario, es un factor que la Jueza podrá tener en cuenta al momento de la imposición de la pena. *Véase Almendarez-Torres contra la Fiscalía Federal*, 523 U.S. 224, 235 (1998).

### III.    SANCIONES MÁXIMAS LEGALES

La pena máxima que se permite por ley por un quebrantamiento a los artículos 1326(a) y (b)(1) del Cap. 8 del Código Federal es una que no exceda 10 años de privación de libertad, una multa que no exceda $250,000, o ambas, un periodo de libertad vigilada que no exceda 3 años y un recargo especial que no exceda $100. Si se impusiera un periodo de régimen probatorio o libertad vigilada, todo incumplimiento a los términos y/o a las medidas cautelares de la libertad vigilada podrán dar como resultado la imposición de una pena de prisión adicional.

### IV.    REPERCUSIONES ADICIONALES

Esta condena por delito podrá tener como resultado la suspensión de garantías constitucionales, incluido, pero no limitado al derecho de poseer armas de fuego, de ejercer sufragio, de ser funcionario público o de formar parte de un jurado. Si el imputado fuera extranjero, la condena podrá resultar en la deportación y expulsión de los EEUU, la reclusión indefinida si no existe un país al cual se pueda deportar al imputado, que se le niegue la admisión a los EEUU en el futuro y/o la obtención de la ciudadanía estadounidense.

### V.    ESTIPULACIÓN EN CUANTO A LOS HECHOS

El fundamento se establece a continuación. Se podrán incluir más abajo hechos adicionales porque la Jueza deberá, como parte de su metodología de imposición de pena, computar la escala penal recomendada por el delito de condena, tener en cuenta la conducta pertinente y tomar en consideración otros factores establecidos en el artículo 3553 del Título 18 del Código Federal pertinentes a estos cómputos y consideraciones. Si

hubiere algún desacuerdo en cuanto a los hechos al momento de la firma del Convenio Resolutorio, estos constarán en el mismo y quedarán debidamente identificados.

Esta estipulación en cuanto a los hechos no impide que las partes de aquí en lo adelante le presenten a la Jueza hechos adicionales que no contradigan hechos a los cuales las partes hayan acordado y que sean pertinentes a la hora de realizar el cómputo de la escala penal por parte de la Jueza, a otros factores del artículo 3553 del Cap. 18 del Código Federal o a la decisión general de la Jueza al momento de emitir el fallo condenatorio.

Las partes estipulan y acuerdan que los siguientes hechos son verdaderos y correctos:

Victor Gamboa-Gamboa es una persona de 40 años, es ciudadano y natural de México en virtud de su nacimiento en Chihuahua, México el 19 de marzo de 1982. La última vez que el imputado entró a Estados Unidos de manera ilegal fue por Nogales, Arizona alrededor del 20 de septiembre de 2021. Se determinó que la última vez que había sido deportado de Estados Unidos a México había sido el 16 de diciembre de 2019 por Del Rio, Texas, posterior a una condena clasificada como un delito. El imputado no había solicitado ni obtenido autorización del Procurador General de EEUU para volver a ingresar a Estados Unidos después de su última expulsión.

El 19 de octubre de 2022, los funcionarios de Inmigración encontraron al imputado. El 21 de octubre de 2022 le admitió a las fuerzas del orden ser ciudadano y natural de México, nacido en Chihuahua, México en marzo de 1982, que previamente había sido deportado de Estados Unidos, que había ingresado a Estados Unidos de manera ilegal alrededor del 20 de septiembre de 2021 por Nogales, Arizona y que no había solicitado el permiso del Procurador General de EEUU para volver a ingresar a Estados Unidos después de su última expulsión.

El 18 de junio de 2019 al imputado lo condenaron en el Tribunal Federal de Primera Instancia del Distrito de Nuevo México en la causa número 19-CR-01275-001RB por reingreso ilícito al país de un extranjero previamente deportado posterior a una condena por delito, en violación a los artículos 1326(a) y (b) del capítulo 18 del código Federal por el cual le impusieron una condena de un período de 10 meses de privación de libertad.

El 3 de enero de 2019, al imputado lo condenaron en el Tribunal Federal de Primera Instancia del Distrito de Colorado en la causa número 18-CR-00287-WJM por reingreso ilícito al país de un extranjero previamente deportado posterior a una condena por delito, en violación a los artículos 1326(a) y (b)(1) del capítulo 18 del código Federal por el cual le impusieron una condena de un período de 6 meses de privación de libertad (prisión preventiva cumplida) (*time served*).

El 22 de mayo de 2012, al imputado lo condenaron en el Tribunal Federal de Primera Instancia del Distrito de Colorado en la causa número 12-CR-00147-LTB por reingreso ilícito al país de un extranjero previamente deportado posterior a una condena por delito, en violación a los artículos 1326(a) y (b)(1) del capítulo 18 del código Federal por el cual le impusieron una condena de un período de 6 meses de privación de libertad.

El 17 de febrero de 2006 en el tribunal de distrito de Colorado en la causa número 2005CR00079 del Condado Gilpin, al imputado lo condenaron de posesión de un instrumento falsificado, en violación al artículo 18-5-105 del código actualizado de Colorado, un delito de clase 6, por el cual le impusieron una condena de 45 días de cárcel con 30 días de crédito por plazo cumplido y 24 meses de régimen probatorio (Probation). El 8 de abril de 2009 le revocaron el régimen probatorio, y 18 meses en el Departamento Correccional Estatal y un año de libertad preparatoria se le impusieron de manera suspendida con la medida cautelar de que el imputado cumpliera con las leyes de Inmigración y no volviera a entrar al país de manera ilegal.

## VI.    CÓMPUTO DE LAS ESCALAS PENALES RECOMENDADAS

Las partes entienden que la imposición de la pena en esta causa la rige el artículo 3553 del Título 18 del Código Federal. Al momento de determinar la pena específica a imponer, la Jueza deberá tomar en consideración siete factores. Uno de ellos es la escala penal calculada por la Jueza según las Pautas Federales de Penas emitidas por el Comité Federal de Sentencias. En asistencia a la Jueza con relación a esto, las partes establecen a continuación su estimado de la escala penal recomendada que indican las Pautas Federales de Penas (*U.S.S.G.*, por sus siglas en inglés). Hasta el punto en el que las partes no concuerden en cuanto al cómputo de la escala penal, lo que se informa a continuación identifica los temas en desacuerdo.

El cálculo de la escala penal a continuación es un estimado de buena fe de las partes, pero es sólo eso, un estimado. Las partes entienden que la Fiscalía tiene además la obligación independiente de ayudar a la Jueza al momento de determinar con precisión la escala penal correcta. Hasta ese punto, la Fiscalía podrá argüir que los hechos identificados en el informe precondenatorio o de lo contrario identificados durante el proceso de imposición de pena puedan afectar el estimado a continuación.

a)  El nivel inicial de delito es **8**, conforme al USSG §2L1.2.

b)  Características específicas del delito: Se añade un aumento de **4 niveles** con respecto al nivel del delito porque el imputado cometió este ilícito después de recibir una condena por el delito de reingreso ilícito al país. U.S.S.G. §2L1.2(b)(1)(A).

c)  No aplican ajustes por la existencia de víctimas, el papel jugado en el delito, obstrucción a la justicia y/o por acusaciones múltiples.

d)  Por lo tanto, el nivel de delito ajustado sería **12**.

e)  El imputado debería recibir una reducción de **2 niveles** por aceptar la responsabilidad penal según el §3E1.1. Por lo tanto, el nivel de delito total resultante sería **10**.

f)  Las partes entienden que el cómputo de la categoría de antecedentes del imputado es provisional y se basa en las condenas anteriores del imputado. Las partes son del criterio de que la categoría de antecedentes penales del imputado es **III**.

g) Suponiendo que los hechos de los antecedentes penales de lo que las partes están conscientes que sean correctos, no aplicarían ajustes por ser delincuente habitual, por llevar un estilo de vida de criminal o por ser delincuente habitual armado.

h) La escala penal recomendada es de **10 a 16 meses.** Sin embargo, con el fin de ser lo más precisos posible, como la categoría final de antecedentes penales todavía está por determinarse, el nivel de delito estimado arriba podría posiblemente resultar en una escala de 6 meses (punto mínimo con categoría I) a 30 meses (punto máximo con categoría VI).

i) <u>Nota</u>: Como se mencionó con anterioridad, la Fiscalía Federal acepta solicitar una reducción de 1 nivel con respecto al nivel del delito a la luz de la aplicación de la resolución por la "vía rápida". La escala penal que resulta de un nivel de delito **9** y una categoría de antecedentes penales **III** sería de **8 a 14** meses.

j) Conforme al §5E1.2, suponiendo el nivel de delito estimado con anterioridad sea correcto, el rango de multas por este ilícito sería de $4,000 a $40,000, más intereses y sanciones aplicables.

k) Conforme al Art. 5D1.2, si la jueza impusiera un periodo de libertad vigilada, este comprendería un mínimo de un año y un máximo de tres años.

Las partes entienden que después que la Jueza considere y aplique correctamente todos los factores del artículo 3553 del Título 18 del Código Federal, dicha Jueza tiene la potestad de imponer una pena razonable, que considere adecuada, en el ejercicio de su autoridad y que dicha pena podrá ser más corta que la que recomiendan las escalas penales (en duración o forma), una que caiga dentro de la escala penal recomendada o por encima de la misma, que llegue o exceda el periodo de reclusión máximo que permita la ley, independientemente de algún cómputo o postura de alguna de las partes en cuanto a algún factor del artículo 3553 del Título 18 del Código Federal.

## VII.    CONVENIO COMPLETO

Este documento contiene el acuerdo completo entre las partes. No existen otras promesas, (o "acuerdos paralelos"), términos, medidas, entendimientos, o garantías expresas o supuestas. Al firmar este convenio, ni la Fiscalía Federal ni la Defensa se han basado ni se basan en algún término, promesa, medida o garantía que no esté expresamente incluida en este convenio.

Date: 01-24-23                    Victor Gomboa
                                  Victor Manuel Gamboa-Gamboa
                                  Imputado

Date: 1/24/ 23                    _____
                                  Josh Lilley
                                  Defensor Público Federal

Date: 2/3/23                      _____
                                  Albert Buchman
                                  Subfiscal Federal

Translated by Monica Licea-Castro, Federally Certified Court Interpreter, staff Interpreter
for the Federal Public Defender of Colorado and Wyoming on January 26, 2023.